IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE MORA                                                                                              PETITIONER

VERSUS                                                          CIVIL ACTION NO. 5:11-cv-148-DCB-RHW

WARDEN F.C.C. YAZOO CITY (Medium)                                                 RESPONDENT

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, Jose Mora, an inmate incarcerated at the Federal Correctional Center (FCC), Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on October 11, 2011.

Background

Petitioner complains that he is being denying food supplements by the medical staff at FCC Yazoo City. Pet. [1]. Petitioner explains that he is required to take food supplements as a result of having weight loss surgery. Id. at p. 5. Without the food supplements, Petitioner claims that he will not receive enough protein to maintain long-term good health. Id.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). Petitioner is presently incarcerated at FCC-Yazoo City which is located in this district. Therefore, a petition for habeas relief pursuant to 28 U.S.C. § 2241 is properly before this Court.

Petitioner states, however, that he is challenging his conditions of confinement because the medical staff at FCC-Yazoo City is denying him food supplements which are necessary for him

to maintain long-term good health.  Pet. [1].  Petitioner argues that the denial by the medical staff of his food supplement is cognizable under § 2241.  See Ilina v. Zickefoose, 591 F. Supp. 2d 145, 149-50 (D. Conn. 2008)(holding that "inadequate medical care [in federal prison] is cognizable under § 2241, regardless of whether she has an additional remedy under Bivens").  This Court, as discussed below, is not persuaded by Petitioner's argument.

The case law of the United States Court of Appeals for the Fifth Circuit has held that "habeas is not available to review questions unrelated to the cause of detention."  Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976).  Further, the Fifth Circuit addressing habeas petitions filed by federal inmates requesting injunctive relief regarding the conditions of their confinement has consistently stated that habeas review is not an available remedy in this situation.  See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993); Hernadez v. Garrison, 916 F.2d 291, 292-03 (5th Cir.1990).  Therefore, under the case law of the Fifth Circuit, Petitioner cannot maintain the instant petition for habeas relief which is only a challenge to the conditions of his confinement concerning his diet.

## Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief on grounds which attack the conditions of his confinement.  The remedy pursuant to a § 2241 writ of habeas corpus is not the proper forum to assert these allegations.  Therefore, this claim will be dismissed without prejudice so that the petitioner may present it in the proper manner.

A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

SO ORDERED this the   18th    day of October, 2011.

    s/ David Bramlette
UNITED STATES DISTRICT JUDGE